CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 07 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL L. BROWN, | ) | |
| Plaintiff, | ) | Civil Action No.7:06-cv-00518 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| Y. TAYLOR, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Michael L. Brown, a Virginia inmate proceeding pro se, brought this action as a petition for a writ of mandamus. Because he alleges that state prison officials are violating his constitutional rights,[1] seeking monetary damages, the court construed and filed his petition as a civil action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff asks for in forma pauperis status, seeking to proceed without prepayment of the $350.00 filing fee, pursuant to 28 U.S.C. § 1915. Upon review of court records, the court finds that the action must be dismissed without prejudice under Subsection (g) of §1915 unless Brown prepays the filing fee in full within ten (10) days.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions or appeals

---

[1] Federal courts have no general mandamus power to compel action by state officials. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988). Therefore, Brown is not entitled to mandamus relief from this court against the state prison officials he is suing.

1

dismissed as frivolous or for failure to state a claim. Brown v. Ray, 7:05-cv-00657 (W.D. Va. 2005) (dism'd under § 1915A); Brown v. Virginia Parole Board, 7:96-cv-00146 (W.D. Va. 1996) (dism'd as frivolous under former §1915(d)); Brown v. Osborne, 7:95-cv-00044 (W.D. Va. 1995) (dism'd as frivolous under former §1915(d)). The court thus finds that plaintiff has at least three "strikes" within the meaning of §1915(g). Therefore, the court also finds that he cannot file this civil action or any other civil action without prepayment of the $350.00 fee required for filing civil actions[2] unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g).

Allegations that the inmate has faced imminent danger in the past are insufficient to trigger the §1915(g) "imminent danger" exception. See Abdul-Akbar v. McKelvie, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger). A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar, 239 F.3d at 314.

In this complaint, Brown complains that on October 9, 2005, prison officials at Red Onion State Prison placed him in ambulatory restraints and kept him so restrained for 24 hours, causing injuries to his limbs. Brown does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of §1915(g), related to the events of October 2005. Based on the foregoing, the court finds that Brown has failed to demonstrate any imminent danger of serious physical harm. Accordingly, the court shall deny his motion to proceed without prepayment of the filing fee and, if he fails to prepay the $350.00 filing fee within ten (10)

---

[2]This fee is set by statute. See 28 U.S.C. § 1914(a).

2

days, the court shall dismiss this action without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant.

ENTER: This 7th day of September, 2006.

/s/ James C. Turk
Senior United States District Judge